IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **I & G INVESTORS, LLC** | * | |
| | * | |
| v. | * | Civil No. JKS-12-1109 |
| | * | |
| **MICHAEL M. DUNN** | * | |
| **t/a ACCOKEEK SAND & GRAVEL** | * | |
| | * | |

**MEMORANDUM**

Presently pending and ready for resolution are Michael Dunn's (Defendant) motion for leave to amend his counterclaim and to add additional defendants, ECF No. 25, Plaintiff's motion for leave to amend its complaint, ECF No. 27, Defendant's motion for leave to file a third-party complaint, ECF No. 36, Defendant's motion for an extension of the scheduling order to accommodate discovery as to the proposed amended complaint, ECF No. 35, and Plaintiff's motion for protective order. ECF No. 45. No hearing is necessary. For reasons set forth below, Defendant's motion for leave to amend and add parties will be granted in part and denied in part, Plaintiff's motion to amend will be denied, and the remaining motions will be denied as moot.

**I. Background**.

Plaintiff, I & G Investors, LLC, serves as General Partner of the Dunn family limited partnership (the Partnership), which owns an unimproved property in Accokeek, Maryland (the Property). Defendant is a limited partner who operates a sand and gravel business. Plaintiff's complaint alleges, in several counts, that in March, 2011, the Partnership entered into a dumping agreement with Defendant, and that Defendant breached this agreement, causing damage to the Property. The complaint seeks an injunction and compensatory damages. Defendant answered the complaint and filed a counterclaim, which alleged that Plaintiff took certain unauthorized actions on the Property, which Defendant was required to remediate, and that Plaintiff further

damaged the Property subsequent to Defendant's remediation. The counterclaim seeks contribution for the remediation, compensatory damages, and an injunction.

## II. **Defendant's motion for leave to amend and to join parties.**

Defendant's proposed amendment to his counterclaim would add counts alleging intentional interference with contract and intentional interference with economic-prospective advantage, specifically, that Plaintiff brought this action to obtain leverage against Defendant in resolving claims related to the Michael Dunn Irrevocable Trust (the Trust), of which Defendant is a beneficiary. Plaintiff does not object to this amendment and accordingly, leave to amend the counterclaim will be granted.

Defendant also seeks to file a third-party complaint against his brother George Dunn and against Saul Schwartzbach, who is attorney of record for Plaintiff. The proposed third-party complaint alleges that George and attorney Schwartzbach, as trustees, misappropriated funds from the Trust and that George, as an officer and director of Plaintiff, induced Plaintiff to file several baseless lawsuits, including the present case, to use "as leverage to favorably resolve [Defendant's] Trust claims." The proposed complaint contains three counts (I, II, and V) relating to the management of the Trust, and two counts (III and IV) alleging that George intentionally interfered with Defendant's business relations.

Defendant contends that the proposed third-party defendants must be joined under FEDERAL RULE OF CIVIL PROCEDURE 19(a)(1)(A) because without them he cannot obtain "complete relief." However, the relief he seeks against them is unrelated to the relief sought in this case. Rule 19(a)(1)(A) does not require joinder of new parties simply because they have a relationship with an existing party and may have liability to the defendant on some unrelated matter. Rather, Rule 19(a)(1)(A) is specifically limited to situations in which joinder is

necessary to provide complete relief *among existing parties*. *See Southern Co. Energy Mktg., L. P. v. Virginia Elec. & Power Co.*, 190 F.R.D. 182, 185-86 (E.D. Va. 1999) (joinder not required where damages and rights at issue relate only to the relationship between existing parties and there will be no prejudice to other parties or claims); *see also Dixon v. Edwards,* 290 F.3d 699, 713-14, (4th Cir. 2002) (property owner was not a necessary party to a case in which rights of access to and control over the property were at issue). The complaint in this case deals with a specific Property, and complete relief for Defendant would be provided by a finding against Plaintiff as to each count. The counterclaim also relates to the Property, and complete relief for Defendant would be the requested contribution, monetary damages, and injunction. The issues raised in the amended counterclaim are unrelated to the Property and can be separately adjudicated without affecting any rights Defendant may assert against Plaintiff.[1] In short, resolution of this case will not affect any right or interest in the Trust, and joinder is therefore not required by Rule 19(a)(1)(A).

Defendant also contends that joinder of the proposed new parties is permissible under Rule 20(a)(2)(A) and (B). Joinder under Rule 20(a) is subject to the court's discretion and can be denied if it will not foster judicial economy or it if will cause undue prejudice or delay. *See, e.g., Landmark Dev. Group v. JEG Holdings, Inc.,* 185 F.R.D. 126, 128 (D. Conn. 1999). No right asserted against the proposed new defendants arose out of the subject matter of this complaint and counterclaim, there are no questions of law or fact common to both Plaintiff and the proposed new defendants, and the proposed new defendants bear no potential liability for the

---

[1] The amended counterclaim alleges that Plaintiff filed this complaint to help George and attorney Schwartzbach obtain leverage as to Trust issues. Plaintiff represents that it will move to dismiss these counts as failing to state a cause of action.

Because the parties have not briefed the issue, the court has not considered whether to deny, as futile, leave to amend the counterclaim. The court notes, however, that most actions are filed to obtain an advantage, and courts are rarely asked, and even less rarely willing, to adjudicate the question whether any "leverage" sought pertains only to the case at hand or to an unrelated matter as well. The accusations regarding Plaintiff's motives appear to have no greater significance than would an accusation that Defendant sought to amend the counterclaim to obtain "leverage." The parties are advised that the court will not permit this case to evolve into a battle over which of two warring brothers bears the greater ill will.

claims asserted against Defendant.  *See* Rule 14(a)(1).  Joinder would thus add an entirely new case, with different and unrelated issues.  Moreover, allowing joinder would unduly prejudice Plaintiff by disqualifying its counsel.  Finally, no good cause for delay in making this request has been shown, and granting it at this time would cause significant delay.  Accordingly, Defendant's motion to join parties by filing a third-party complaint will be denied.

### III.  Plaintiff's motion for leave to amend.

Plaintiff seeks leave to amend its complaint to add a claim for commissive waste under section 14-102 of the Maryland Real Property Article, stating that it learned of facts supporting this claim in July of 2011.  Defendant opposes this request on the basis that the complaint was filed at a time when Plaintiff was already aware of these alleged facts,[2] and would require the addition of at least one party and a search for the identity of others.  Plaintiff did not reply to Defendant's opposition.

Rule 15 of the Federal Rules of Civil Procedure encompasses a preference for liberal leave to amend pleadings.  Nevertheless, leave to amend should be denied if it will cause undue prejudice to the opposing party or if the party seeking to amend acted in bad faith.  *Island Creek Coal Company v. Lake Shore, Inc.,* 832 F.2d 274, 279 (4th Cir. 1987).  Leave to amend also may be denied if the amendment will cause undue delay or if the party seeking to amend acted with a dilatory motive.  *See Sandcrest Outpatient Services v. Cumberland County Hospital Systems, Inc.,* 853 F.2d 1139, 1148-49 (4th Cir. 1988).  Plaintiff acknowledges that it knew of the facts alleged in the amendment at the time it filed the original complaint,[3] and offers no explanation

---

[2] The complaint was filed in the Circuit Court for Prince George's County on July 27, 2011, ECF No. 31-1, and removed to this court on April 11, 2012.  ECF No. 1.

[3] Plaintiff states that "prior to July 2011, Plaintiff/Counter-Defendant was without knowledge or reason to believe that Defendant/Counter Plaintiff may have committed waste upon the Property at some date prior to the events set forth in the original Complaint."  ECF No. 27 at 1.

for either the failure to include this claim then or for delaying its request to amend for over a year.  Ironically, one of the reasons that Plaintiff opposes Defendant's request for leave to take additional discovery and locate additional defendants is that the request was not included in a September 4, 2012 filing but rather was submitted 17 days later.  Given its own delay of a year, Plaintiff is in no position to accuse Defendant of acting "solely for the purpose of delay and increased costs." ECF No. 38 at 3.  *See also* n.1 *supra.*  Indeed, Plaintiff's own request to amend, which closely followed Defendant's motion to amend, indicates a dilatory or bad faith motive.  In sum, the request to amend the complaint will be denied on the bases that it will cause undue delay and is dilatory.

**IV.  Conclusion.**

In light of the above rulings, Defendant's motion for leave to file a third-party complaint, ECF No. 36, and Defendant's motion for an extension of the scheduling order to accommodate discovery as to the proposed amended complaint, ECF No. 35, are denied as moot.  It also appears that the issues raised in Plaintiff's motion for protective order, ECF No. 45, are moot as a result of the denial of leave to add third-party defendants.  That motion will be denied without prejudice to renew it should the parties be unable to agree on the appropriate scope of the pending depositions.

The parties are directed to submit a proposed schedule for the completion of discovery within 14 days of the filing of this Memorandum.

Date: January 9, 2013                                                         /s/                   
                                                       JILLYN K. SCHULZE  
                                           United States Magistrate Judge